**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAY MEDINA,<br>Plaintiff,<br>v.<br>H. WATSON, ET AL.,<br>Defendants. | Case No. 2:23-cv-04135-JAK-AJR<br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL (DKTS. 156, 169, 190), AND PLAINTIFF'S MOTION SEEKING SANCTIONS (DKT. 182)** |

## I.

## INTRODUCTION

This is a civil rights action brought by *pro se* Plaintiff Ray Medina ("Plaintiff"), a former inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") housed at California State Prison, Lancaster ("CSP-LAC"). On January 29, 2024, Plaintiff filed the operative Second Amended Complaint (the "SAC") alleging claims against the warden and multiple correctional officers employed at CSP-LAC. (Dkt. 23.) The SAC named the following defendants in their individual and official capacities: (1) A. Ibarra; (2) E. Negron; (3) A. Garcia; (4) H. Watson; (5) P. Flores; (6) M. Quintero; (7) B. Thibault; (8) S. Acuna; (9) A. Sixt; (10) M. Reyes; and (11) J. Ongaro (collectively, the "SAC Defendants"). (Id. at 2.)

Thereafter, on January 16, 2026, the Court granted Plaintiff leave to add Captain J. Phelan and Lieutenant J. Varela as defendants (the "New Defendants," collectively with the SAC Defendants referred to as the "Defendants"). (Dkts. 144, 167, 172.) The Court previously recommended dismissal of Plaintiff's official capacity claims as barred by Eleventh Amendment immunity, and the District Judge dismissed those claims without leave to amend. (Dkts. 26, 32.) In the SAC, Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights by conspiring to subject him to inmate assaults in retaliation for filing 602 prison grievances, acting with deliberate indifference to his safety, and issuing false or retaliatory disciplinary reports against Plaintiff. (Dkt. 23 at 3-12.)

Presently before the Court are two discovery motions filed by Plaintiff related to the claims against the SAC Defendants. On August 29, 2025, Plaintiff filed a Third Motion to Compel alleging spoliation based on the SAC Defendants' alleged failure to produce the video evidence identified on Page 19 of the Incident Report Package dated October 15, 2021. (Dkt. 156 at 8.) On December 1, 2025, Plaintiff filed a Motion to Clarify and Compel Video Evidence in which Plaintiff clarified the video evidence that he is seeking to compel. (Dkt. 169.) Therefore, the Court construes this Motion to Clarify and Compel Video Evidence to be part of Plaintiff's Third Motion to Compel since they request the same relief. On January 21, 2026, the SAC Defendants filed an Opposition to Plaintiff's Third Motion to Compel (the "Opposition"). (Dkt. 175.) On February 13, 2026, Plaintiff filed a Rule 37 Motion on Defendants to Establish Facts of Sanctions for Violation of Discovery, which responds to the Opposition and therefore appears to be a reply (the "Reply"). (Dkt. 190.)

The second discovery motion at issue is Plaintiff's Motion Seeking Sanction for Discovery Violations filed on February 2, 2026. (Dkt. 182.) In this motion, Plaintiff appears to contend that the SAC Defendants did not comply with the Court's prior order related to Plaintiff's Fourth Motion to Compel. (Id. at 4.) As context,

back on November 21, 2025, the Court denied Plaintiff's Fourth Motion to Compel as moot because the Court compelled the SAC Defendants to provide certain supplemental responses to discovery. (Dkt. 165 at 2.) Therefore, the Court directed Defendants to file a response to Plaintiff's Motion Seeking Sanction for Discovery Violations that sets forth Defendants' position on how they complied with the Court's prior order related to Plaintiff's Fourth Motion to Compel and addressing Plaintiff's allegations of noncompliance. (Dkt. 185 at 2.) On March 9, 2026, Defendants filed a Response to Plaintiff's Motion Seeking Sanction for Discovery Violations (the "Response"). (Dkt. 199.)

For the reasons set forth below, the Court DENIES Plaintiff's Third Motion to Compel. (Dkts. 156, 169, 190.) The Court also DENIES Plaintiff's Motion Seeking Sanction for Discovery Violations. (Dkt. 182.)

## II.

## THE DISCOVERY AT ISSUE

Plaintiff's Third Motion to Compel alleges spoliation based on the SAC Defendants' alleged failure to produce the video evidence identified on Page 19 of the Incident Report Package dated October 15, 2021. (Dkt. 156 at 8.) Plaintiff clarified in his Motion to Clarify and Compel Video Evidence that he is seeking to compel production of the following video evidence:

- All video evidence stored in locker #1 (CDCR-1118) Time Stamp 15:27:14 (body worn camera ("BWC")):
    - H. Watson C, Sec, pat #1 (Missing)
    - S. Davis C, Sec, pat #2 (Missing)
    - F. Almanza C, Sec, pat #3 (Missing)
    - A. Ibarra C, Sec, pat #4 (Missing)
    - J. Fernadez-Torres, C yard #1 (Missing)
    - S. Acuna, C yard #2 (video starts at 15:27:14 and cuts off at 15:32:11)

  - D. Calderon, C yard #3 (Missing)
  - B. Rightmer, C #2 floor bld. (Missing)
- Audio Video Surveillance System ("AVSS") video:
  - Camera #1, LAC-341-0029C (starts at 15:27:14 and cuts off just after 6 to 9 seconds as Watson leans in to bend over)
  - Only several seconds of the AVSS video stationed on the top right corner of building 1-C and several seconds of S. Acuna's body worn camera footage were available to view.
  - All other video footage was not available for viewing.

(Dkt. 169 at 2-4.)

Plaintiff's Motion Seeking Sanction for Discovery Violations appears to contend that the SAC Defendants did not comply with the Court's prior order related to Plaintiff's Fourth Motion to Compel. (Dkt. 182 at 4.) As context, back on November 21, 2025, the Court denied Plaintiff's Fourth Motion to Compel as moot because the Court compelled the SAC Defendants to provide certain supplemental responses to discovery. (Dkt. 165 at 2.) Specifically, the Court directed the SAC Defendants to supplement their responses to Plaintiff's requests for admission to either admit or deny whether they reviewed AVSS and/or BWC footage prior to giving their respective narratives that were included in the October 15, 2021 Incident Report Package. (Id.) The Court further directed the SAC Defendants to supplement their responses to Plaintiff's requests for admission to either admit or deny that they provided false narratives. (Id.)

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal cases and provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Federal Rule of

Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevance under Rule 26(b)(1) is defined broadly. See, e.g., Snipes v. United States, 334 F.R.D. 548, 550 (N.D. Cal. 2020); V5 Techs. v. Switch, Ltd., 334 F.R.D. 306, 309 (D. Nev. 2019) (noting that relevance for discovery purposes remains broad even after the 2015 amendments of the Federal Rules of Civil Procedure), aff'd sub nom., V5 Techs., LLC v. Switch, LTD., 2020 WL 1042515 (D. Nev. Mar. 3, 2020). In addition to relevance, Rule 26(b)(1) requires that discovery be proportional to the needs of the case. Proportionality is determined by a consideration of the following factors: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 34, a party may serve on any other party a request for production of documents, ESI, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). For each request, the response must either state that the responding party will produce copies of documents or electronically stored information as requested or state with specificity the grounds for objecting to the request, including the reasons. See Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). An objection to only part of a request must specify the part that is being objected to and the part where the responding party will comply. See id.

Where a party fails to comply with discovery requests, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." Nguyen v. Lotus by Johnny Dung Inc., 2019 WL 3064479, at *2 (C.D. Cal. June 5, 2019)

(internal quotation marks omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Garces v. Pickett, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021). "The opposing party is required to carry a heavy burden of showing why discovery was denied." Id. (internal quotation marks omitted). Specifically, the party opposing discovery must show that the requested discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(2)(C). The opposing party must specifically detail the reason why the request is improper. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal quotation marks omitted)).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment if the movant filed the motion before attempting in good faith to obtain agreement from the opposing party without court action, the opposing party's position was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). By contrast, where a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially

justified or other circumstances make an award of expenses unjust." Id. Finally, if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion." Fed. R. Civ. P. 37(a)(5)(C).

## IV.

## DISCUSSION

The Court begins by addressing Plaintiff's Third Motion to Compel, (Dkts. 156, 169, 190), and then will address Plaintiff's Motion Seeking Sanction for Discovery Violations. (Dkt. 182.) For the reasons set forth below, the Court DENIES Plaintiff's Third Motion to Compel. (Dkts. 156, 169, 190.) The Court also DENIES Plaintiff's Motion Seeking Sanction for Discovery Violations. (Dkt. 182.)

### A. Plaintiff's Third Motion to Compel Is Denied.

As set forth above, Plaintiff's Third Motion to Compel alleges spoliation based on the SAC Defendants' alleged failure to produce the video evidence identified on Page 19 of the Incident Report Package dated October 15, 2021. (Dkt. 156 at 8.) Plaintiff clarified in his Motion to Clarify and Compel Video Evidence the specific video evidence that he is seeking to compel. (Dkt. 169.) Plaintiff appears to contend that the SAC Defendants only produced Defendant S. Acuna's BWC video from the subject incident that occurred on October 11, 2021, and that the video appears to be cut off at some point. (Dkts. 156 at 3-7; 169 at 2-4.)

However, the SAC Defendants have provided the Declaration of J. Orellana, the Litigation Coordinator at CSP-LAC, to establish the video evidence that existed and was produced. (Dkt. 175-1.) The declaration states that J. Orellana is directly familiar with CDCR policies and procedures for the preservation, retention, and production of BWC and AVSS footage of incidents that occur at CSP-LAC. (Id. at 2.) The declaration explains that pursuant to CDCR policies and procedures, BWC and AVSS footage is preserved based on certain triggering events, including but not

limited to any use of force incident, any incident resulting in serious bodily injury, and allegations of inmate or staff misconduct. (Id.) The declaration further explains that there are numerous factors that determine whether and when BWC and AVSS footage is retained for more than ninety days. (Id.)

The declaration states that on July 7, 2025, J. Orellana was requested to provide all BWC and AVSS footage that was in the possession, custody, or control of CDCR or CSP-LAC regarding the incidents that occurred on May 19, 2018, October 10, 2021, and October 21, 2021, that involve Plaintiff and are the subject of this lawsuit. (Id.) The declaration explains that there is no BWC or AVSS footage regarding the incident that occurred on May 19, 2018, because this date precedes the use of BWC or AVSS at CSP-LAC. (Id.) The declaration further explains that J. Orellana conducted a diligent search and inquiry to obtain BWC and AVSS footage related to the incidents on October 10, 2021, and October 21, 2021, and provided all of the footage to defense counsel on July 15, 2025. (Id.) Finally, the declaration states that J. Orellana did not alter, delete, or modify the BWC or AVSS footage that was provided to defense counsel. (Id.)

The SAC Defendants have also provided the declaration of defense counsel, Deputy Attorney General A. Foster Shi. (Dkt. 175-2.) Mr. Shi declares that on August 5, 2025, and August 7, 2025, his office provided to the Litigation Coordinator at the California Health Care Facility, where Plaintiff was incarcerated at the time, copies of the exact BWC and AVSS footage received from CSP-LAC regarding the two incidents that occurred on October 10, 2021, and October 21, 2021. (Id. at 2.) Mr. Shi further declares that he was informed by the Litigation Coordinator at the California Health Care Facility that this footage was shown to Plaintiff on August 6, 2025, and August 8, 2025. (Id.) Finally, Mr. Shi declares that at no point did he alter, delete, or otherwise modify the BWV or AVSS footage that his office received from CSP-LAC. (Id.)

Based on the foregoing declarations, the SAC Defendants state that they

produced all available BWC and AVSS footage for the October 10, 2021, and October 21, 2021 incidents, without alteration. (Dkt. 175 at 2.) The SAC Defendants further state that there is no additional footage that has been withheld. (Id. at 2-3.) Thus, the SAC Defendants contend that Plaintiff's Third Motion to Compel should be denied. (Id.)

In his Reply, Plaintiff appears to allege that Defendant H. Watson tampered with, altered, and removed the video footage of the incident dated October 10, 2021. (Dkt. 190 at 2.) Plaintiff further appears to allege that Defendants Captain J. Phelan and Lieutenant J. Varela circumvented policy and did not take control of the incident or generate the proper investigative work that would have protected the relevant video footage and prevented tampering. (Id.) Therefore, Plaintiff contends that the SAC Defendants have not produced all of the video footage of the incident on October 10, 2021 and should be sanctioned in the amount of $5,000. (Id. at 3.)

Based on the foregoing, the Court concludes that Plaintiff has failed to meet his burden of showing that the SAC Defendants did not retain, did not produce, or altered any of the video evidence that was ultimately produced. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or reasonably foreseeable litigation." Reinsdorf v. Skechers U.S.A., Inc., 296 F.R.D. 604, 625 (C.D. Cal. 2013) (internal quotation marks and brackets omitted). "A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence." Surowiec v. Cap. Title Agency, Inc., 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011) (internal quotation marks and brackets omitted).

Here, Plaintiff has failed to provide evidence to establish any of the elements of a request for sanctions based on alleged spoliation. Indeed, Plaintiff has not

submitted any evidence other than his own filings signed under penalty of perjury. (Dkts. 156 at 7; 190 at 4.) However, the allegations in Plaintiff's filings, even signed under penalty of perjury, do not support a finding of spoliation. For example, in Plaintiff's Third Motion to Compel, Plaintiff acknowledges that he viewed the BWC and AVSS footage that was produced by the SAC Defendants on August 6, 2025. (Dkt. 156 at 3.) Plaintiff alleges that the footage was "cut off," but he does not provide any evidence that additional footage was retained and withheld or should have been retained but was not. (Id. at 4-5.) In Plaintiff's Reply, he appears to allege that Defendant H. Watson tampered with, altered, and removed the video footage of the incident dated October 10, 2021. (Dkt. 190 at 2.) Plaintiff further appears to allege that Defendants Captain J. Phelan and Lieutenant J. Varela circumvented policy and did not take control of the incident or generate the proper investigative work that would have protected the relevant video footage and prevented tampering. (Id.) But these allegations completely lack foundation or any basis of personal knowledge and appear to be nothing more than speculation. (Id.); see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

The Court notes that Plaintiff has had ample opportunity to obtain discovery to support his allegations of spoliation, but discovery as to the claims against the SAC Defendants is now closed, with the exception of the SAC Defendants' deposition of Plaintiff. (Dkt. 185.) Plaintiff has failed to produce any evidence that the SAC Defendants did not retain, did not produce, or altered any of the video evidence that was ultimately produced. To the contrary, the SAC Defendants produced two declarations clearly demonstrating that they produced to Plaintiff all available video evidence and that no evidence was withheld or altered in any way. (Dkt. 175-1; Dkt. 175-2.) Accordingly, the Court concludes that Plaintiff's Third Motion to Compel must be DENIED. (Dkts. 156, 169, 190.)

**B. Plaintiff's Motion Seeking Sanction for Discovery Violations Is Denied.**

As set forth above, Plaintiff's Motion Seeking Sanction for Discovery Violations appears to contend that the SAC Defendants did not comply with the Court's prior order related to Plaintiff's Fourth Motion to Compel. (Dkt. 182 at 4.) As context, back on November 21, 2025, the Court denied Plaintiff's Fourth Motion to Compel as moot because the Court compelled the SAC Defendants to provide certain supplemental responses to discovery. (Dkt. 165 at 2.) Specifically, the Court directed the SAC Defendants to supplement their responses to Plaintiff's requests for admission to either admit or deny whether they reviewed AVSS and/or body worn camera footage prior to giving their respective narratives that were included in the October 15, 2021 Incident Report Package. (Id.) Therefore, the Court directed Defendants to file a response to Plaintiff's Motion Seeking Sanction for Discovery Violations that sets forth Defendants' position on how they complied with the Court's prior order related to Plaintiff's Fourth Motion to Compel and addressing Plaintiff's allegations of noncompliance. (Dkt. 185 at 2.)

On March 9, 2026, Defendants filed a Response to Plaintiff's Motion Seeking Sanction for Discovery Violations (the "Response"). (Dkt. 199.) The Response explains that Plaintiff's discovery requests at issue in the Fourth Motion to Compel were only directed to Defendants S. Acuna, H. Watson, A. Garcia, and A. Ibarra. (Id. at 1-2.) Therefore, to comply with the Court's November 21, 2025 Order, Defendants S. Acuna, H. Watson, A. Garcia, and A. Ibarra supplemented their discovery responses to admit that "they provided a narrative for incident log # 028978, and denied they reviewed AVSS or body worn camera footage prior to providing their narratives." (Id. at 3, 5, 10, 15, 20, 25.) Additionally, Defendants S. Acuna, H. Watson, A. Garcia, and A. Ibarra supplemented their discovery responses "by denying they provided false narratives." (Id. at 3, 5, 11, 16, 21, 26.)

Based on the evidence submitted with the Response, the Court concludes that the SAC Defendants complied with the Court's November 21, 2025 Order. Plaintiff

did not file a reply or any other response to Defendants' Response. Accordingly, the Court concludes that Plaintiff's Motion Seeking Sanction for Discovery Violations must be DENIED. (Dkt. 182.)

**V.**

**CONCLUSION**

Consistent with the foregoing, the Court DENIES Plaintiff's Third Motion to Compel, (Dkts. 156, 169, 190), as well as Plaintiff's Motion Seeking Sanction for Discovery Violations. (Dkt. 182.) Rule 37 states that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. The Court has denied Plaintiff's Third Motion to Compel and Motion Seeking Sanction for Discovery Violations. However, the Court concludes that it would be unjust to award expense reimbursement to Defendants given that Plaintiff is currently incarcerated and proceeding *pro se*.

\\

\\

\\

\\

\\

Now that the Court has ruled on the pending discovery motions related to the claims against the SAC Defendants, the Court reminds the parties that discovery as to the claims against the SAC Defendants is closed, with the exception of the SAC Defendants' deposition of Plaintiff. (Dkt. 185.) The Court will issue a separate scheduling order setting new deadlines for the SAC Defendants to complete

Plaintiff's deposition and for discovery as to the claims against the New Defendants (Captain J. Phelan and Lieutenant J. Varela).

IT IS SO ORDERED.

DATED: June 24, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE